**UNITED STATES of America, ex rel William R. BENZ; William R. Benz, as an individual, Plaintiffs-counter-defendants—Appellees,**

v.

**Prem REDDY, an individual; Prime-Care International Inc., a Delaware Corporation; PrimeCare Medical Group of North Orange County Inc., a California Corporation; PrimeCare Medical Group of CV Inc., a California Corporation; PrimeCare Medical Group of Redlands Inc., a California Corporation; PrimeCare Medical Group of Moreno Valley, Inc., a California Corporation; PrimeCare Medical Group of Riverside Inc., a California Corporation; PrimeCare Medical Group of Desert Valley, Inc., a California Corporation; PrimeCare Medical Group of Corona, Inc., a California Corporation; PrimeCare Medical Group of Inland Valley, Inc., a California Corporation; PrimeCare Medical Group of Temecula, Inc., a California Corporation; PrimeCare Medical Group of Chino Valley, Inc., a California Corporation; PrimeCare Medical Group of Hemet Valley, Inc., a California Corporation; PrimeCare Medical Group of Sun City, Inc., a California Corporation; PrimeCare Medical Group of Antelope Valley, Inc., a California Corporation; PrimeCare Medical Group of Salinas, Inc., a California Corporation; PrimeCare Medical Group of Orange County, Inc., a California Corporation; PrimeCare Medical Group of San Bernardino, Inc., a California Corporation; Valley PrimeCare Medical Group, Inc., a California Corporation, Defendants-counter-claimants—Appellants.**

No. 00–56707.
D.C. No. CV–97–06116–ER.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided Aug. 1, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and CEBULL,* District Judge.

## MEMORANDUM **

Prem Reddy ("Reddy") appeals a judgment entered jointly and severally against him and PrimeCare International ("Prime-Care") for $900,000 compensatory damages and $3,000,000 punitive damages.[1] We vacate the judgment and order a new trial as to liability and amount of compensatory damages and the availability and amount of punitive damages.

Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. The judgment was entered against defendants after a jury trial in which the jury found Reddy and PrimeCare jointly liable on William Benz's ("Benz") claims for intentional in-

---

* The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because PrimeCare entered into a post-trial settlement, Reddy is the only defendant before us on appeal.

fliction of emotional distress ("IIED") and wrongful termination and awarded lump-sum compensatory and punitive damages that covered both of those claims. After trial, Reddy made a renewed motion for judgment as a matter of law on both claims. The court granted his motion as to the wrongful termination claim but denied it as to the IIED claim. The court then denied Reddy's motion for a new trial and affirmed the damage awards even though the awards covered both claims and Reddy was liable only for one claim. Reddy appealed, arguing that there was insufficient evidence to support the IIED claim and, alternatively, that he was entitled to a new trial because the jury verdict was defective.

We conclude that the trial court abused its discretion in failing to grant Reddy a new trial after determining that Reddy was entitled to judgment as a matter of law on the wrongful termination claim. *See Far Out Prod., Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir.2001) (using the abuse of discretion standard to review a motion for a new trial). Additionally, on de novo review, we conclude that the trial court did not err in denying Reddy's renewed motion for judgment as a matter of law on the IIED claim, *Johnson v. Paradise Valley Unified Sch. Dist.,* 251 F.3d 1222, 1226 (9th Cir.2001). Accordingly, we vacate the judgment and remand for a new trial.

■ When a general jury verdict may have been based on an unviable theory of liability, an appellate court may consider the verdict defective and vacate the judgment, or, alternatively, the appellate court may affirm the judgment and exercise its discretion to construe the verdict as based on one of the viable theories of liability that was before the jury. *See Syufy Enterprises v. American Multicinema, Inc.,* 793 F.2d 990, 1001 (9th Cir.1986). In this case, there was a special verdict, so we know that the jury found Reddy liable on both a viable theory (IIED) and an unviable theory (wrongful termination). Thus, we must assume that the lump-sum compensatory and punitive damage awards, which covered both claims, were based, to some extent, on the unviable theory. Accordingly, although evidence supports the IIED verdict, the damage awards are presumptively invalid, under the rule stated in *Syufy Enterprises,* because they are based in part on an impermissible theory of liability. This is so because it is impossible for us to tell what portion of the damage awards is attributable to IIED and what portion is attributable to wrongful termination. Moreover, the record suggests that the jury improperly considered conduct that was relevant only to the wrongful termination claim in finding IIED liability. Thus, the case must be remanded for a new trial as to both IIED liability and damages. Additionally, on remand, if the jury again finds IIED liability, the jury must also consider whether punitive damages are available under California law for Benz's IIED claim,[2] and, if the jury deter-

---

**2.** Punitive damages are available under section 3294(a) of the California Civil Code when the defendant has been "proven by clear and convincing evidence" to be "guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294(a). "Three primary considerations govern the amount of punitive damages: (1) the reprehensibility of the defendant's conduct; (2) the injury suffered by the victims; and (3) the wealth of the defendant." *Rufo v. Simpson,* 86 Cal.App.4th 573, 103 Cal.Rptr.2d 492, 525 (Ct.App.2001). Here, as explained above, it is impossible to tell whether the jury awarded punitive damages for Reddy's conduct relating to the alleged wrongful termination, IIED, or both. The jury must therefore decide, in the course of a new damages trial, whether punitive damages are available against Reddy for IIED, and, if it answers in the affirmative, it must determine a new amount.

mines that such damages are available, it must determine the amount.

We turn now to the question of whether the district court erred in denying Reddy's renewed claim for judgment as a matter of law on the IIED claim. Although we conclude that the district court did not err in this regard and that substantial evidence supports the jury's verdict as to liability for IIED, we remand for a new trial on IIED. As stated above, we review the court's denial of Reddy's renewed motion for judgment as a matter of law de novo. *Johnson*, 251 F.3d at 1226. "A jury's verdict must be upheld if it is supported by substantial evidence. Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Id.* at 1227 (internal citation omitted). Under California law,

> The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Little v. Stuyvesant Life Ins. Co.*, 67 Cal. App.3d 451, 136 Cal.Rptr. 653, 658 (Ct. App.1977) (internal quotation marks omitted). In his motion for renewed judgment as a matter of law, Reddy challenged the sufficiency of the plaintiff's evidence as to three elements: outrageous conduct, severe emotional distress, and causation. Accordingly, we limit our analysis to the sufficiency of the evidence as to those three elements, although Reddy now also attempts to challenge the evidence as to intent. *See, e.g., Evans v. Valley West Shopping Center, Inc.*, 567 F.2d 358, 361 (9th Cir.1978) (following the general rule that we will not review an issue that was not adequately raised below).

■ Here, Reddy, who was generally armed and who had an armed bodyguard, threatened to kill Benz. In California, credible, direct death threats constitute outrageous conduct for the purposes of an IIED claim. *See, e.g., Kiseskey v. Carpenters' Trust for So. California*, 144 Cal. App.3d 222, 192 Cal.Rptr. 492, 496 (Cal.Ct. App.1983). The trial court did not err in concluding the Benz had provided sufficient evidence of outrageous conduct.

■ We turn now to whether Benz produced sufficient evidence of his having suffered severe emotional distress. Benz testified that he took the threat seriously, and the trial court relied on that evidence in denying Reddy's renewed motion for judgment as a matter of law. Fear is an actionable form of emotional distress in California, and the trial court therefore correctly concluded that Benz provided sufficient evidence of severe emotional distress to go to the jury on that issue. *See Little*, 136 Cal.Rptr. at 660.

■ Additionally, the trial court did not err in allowing the jury to consider whether Benz's emotional distress was caused by Reddy's actions. Although Reddy points out that much of Benz's economic damages may have been caused by a subsequent job loss, any damages relating to Benz's fearing for his life are properly attributable to the death threat. Reddy's argument is inapposite because, as we have already explained, only those damages proximately caused by Reddy's actionable conduct may be considered by the jury on remand.

The trial court did not err in denying Reddy's renewed motion for judgment as a matter of law on the issue of his liability for IIED. However, as explained above, the judgment must be vacated, and the

case must be remanded so that a new trial can be held on IIED liability and compensatory and punitive damages.

The judgment is VACATED, and the case is REMANDED for a new trial consistent with this memorandum disposition.